UNITED STATES DISTRICT COURT
District of Massachusetts

RONALD S. BOYAJIAN,
FRANK LEONE
and DAVID L. THOMPSON, Individually and on
behalf of All Others Similarly Situated,
          Plaintiffs,

v.

CALIFORNIA PRODUCTS CORPORATION,
JOSEPH D. DEANGELIS,
JOSEPH S. JUNKIN,
DAVID G. LOHR,
and DOES 1 through 20,
          Defendants.

CIVIL ACTION NO.
10-CV-11849-RWZ

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This litigation is before the Court on the Plaintiffs' Motion for an Order Preliminarily Certifying the Settlement Class and Appointing Class Counsel, Preliminarily Approving Settlement, Approving Form and Dissemination of Class Notice and Claims Administrator, and Setting a Date and Time for the Fairness Hearing. ("Plaintiffs' Motion")

Presented to the District Court for preliminary approval is a Settlement of the litigation. The terms of the Settlement are set out in the Settlement Agreement executed by counsel for the parties on **November 30, 2012**.[1]

On **March 5, 2013**, the Court held a hearing at which it preliminarily considered the Settlement to determine, among other things, whether it warrants the issuance of a notice to members of the Settlement Class. Upon reviewing Plaintiffs' Motion, and the Declaration of

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning ascribed to them in the Settlement Agreement. A copy of the Settlement Agreement is filed at Dkt. No. 65-1.

Stephen D. Rosenberg and documents attached thereto, the Court hereby makes the following findings of fact and conclusion of law:

1. <u>Class Certification</u>. The Court preliminarily finds, for settlement purposes only, that the requirements of the United States Constitution, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Massachusetts, and any and all other applicable laws have been met as to the "Settlement Class" defined below, in that:

    a. The Settlement Class is cohesive and well defined;

    b. The members of the Settlement Class are reasonably ascertainable from records kept with respect to the California Products Corporation Employee Stock Ownership Plan (the "Plan"), and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

    c. Based on allegations in the Amended Complaint, there exist questions of fact and law common to the Settlement Class;

    d. Based on the allegations in the Amended Complaint, the claims of the Named Plaintiffs are typical of the claims of the Settlement Class;

    e. The Named Plaintiffs, by the nature of their claims, are in a position to fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Named Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among Named Plaintiffs and the Settlement Class; and (iii) Named Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who

    are experienced in preparing and prosecuting large, complicated ERISA class actions; and

  f. The Court further finds that: (i) the prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent adjudications as to individual Settlement Class members that, as a practical matter, would: be dispositive of the interests of the other Settlement Class members not parties to the adjudications; or substantially impair or impede the ability of those persons to protect their interests.

2. <u>Preliminary Findings Concerning Proposed Settlement</u>.  The Court preliminarily approves the proposed Settlement because it: (i) is the result of serious, extensive arm's-length and non-collusive negotiations; (ii) is fair, reasonable, and adequate; (iii) has no obvious deficiencies; (iv) does not improperly grant preferential treatment to the Named Plaintiffs or segments of the Settlement Class; (v) falls within the range of possible approval; (vi) is not a prohibited transaction under ERISA or is exempt from ERISA's prohibited transaction provisions pursuant to applicable law or rules; and (vii) warrants notice to Settlement Class members of a formal hearing, at which evidence may be presented in support of and in opposition to the proposed Settlement.

3. <u>Notices</u>.  A proposed form of Class Notice is attached to the Settlement Agreement as Exhibit B.  The Court finds that the form fairly and adequately: (i) describes the terms and effect of the Settlement Agreement and of the Settlement; (ii) notifies the Settlement Class concerning the proposed Plan of Allocation; (iii) notifies the Settlement Class that Class Counsel will seek a Fee

Award not to exceed one-third of the Settlement Amount, plus reimbursement of expenses; (iv) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (v) describes how the recipients of the Class Notice may object to any of the relief requested.

4. <u>Claims Administrator</u>. The responsibilities of the proposed Claims Administrator, Rust Consulting, will include: (1) establishing a post office box (to be included in the Class Notice) for purposes of communicating with the Class Members; (2) accepting and maintaining documents sent from the Class Members, including documents relating to claims administration; (3) administering all notices and mailings to Class Members; and (4) administering claims for the allocation of the Net Settlement Funds among Class Members. All costs of the Class Notice, Settlement Allocation, and Claims Administrator shall be paid exclusively from the Settlement Fund. They are estimated to be $13,000.00.

Based on the foregoing findings of fact and conclusions of law, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Court preliminarily certifies the following class (the "Settlement Class") for settlement purposes only under Federal Rule of Civil Procedure 23(b)(1)(B):
   All Persons who were Participants in the Plan at anytime between January 1, 1988 and December 31, 2005.

2. The Court preliminarily appoints Named Plaintiffs Ronald S. Boyajian, Frank Leone, and David L. Thompson as class representatives for the Settlement Class and appoints The McCormack Firm as Class Counsel.

3. The Court approves the Class Notice, appoints Rust Consulting as the Claims Administrator, and approves the Notice Plan outlined in the Plaintiffs' Motion.

The Class Notice is hereby found to be the best practicable notice under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and Fairness Hearing to all Persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

4. The Court directs that, consistent with the Settlement Agreement, the Claims Administrator shall:

   a. No later than thirty (30) days after entry of this Order Preliminarily Approving the Class Action Settlement, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties and presented to the Court, to be mailed, by first-class mail, postage prepaid, to the last known address of each such Person within the Settlement Class who can be identified by reasonable effort. Defendants will provide Class Counsel with the names and last known addresses of the members of the Settlement Class within their possession, which names and addresses shall be used solely for the purpose of providing notice of this Settlement and for no other purpose;

   b. No later than seven (7) days before the Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing mailing requirements.

   c. All costs of the Class Notice, Claim Form, and administrative costs, including the costs and fees related to Rust Consulting, shall be paid exclusively from the Settlement Fund.

5. No later than seven (7) days before the Fairness Hearing, Defense Counsel shall file with the Court a certification of timely compliance with the requirements under the Class Action Fairness Act of 2005 ("CAFA"), 29 U.S.C. § 1715.

6. Class Counsel will file their Final Approval pleadings by **May 13, 2013**.

7. <u>Fairness Hearing</u>. A hearing is scheduled for **July 9, 2013 at 9:30 a.m.** before this Court, in Courtroom 12 at the John Joseph Moakley Courthouse, United States District Court for the District of Massachusetts, One Courthouse Way, 5th Floor, Boston, Massachusetts 02210 to determine, among other things:

   a. Whether the Settlement should be finally approved as fair, reasonable, and adequate;

   b. Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

   c. Whether the Claims Administrator properly provided the Class Notice and whether the Class Notice: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure and any and all other applicable laws;

   d. Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

   e. Whether the Plan of Allocation should be approved;

f. Whether the application for a Fee Award and an Expense Award filed by Class Counsel should be approved; and

g. Whether Defense Counsel properly provided notice as required under CAFA, as specified by 28 U.S.C. §1715.

8. <u>Objections to Settlement</u>. Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, and/or to the proposed Fee Award and Expense Award, may file an Objection. An objector must file with the Court a statement of his, her, or its objections, specifying the reasons, if any, for each objection, including any legal support or evidence that the objector wishes to bring to the Court's attention. The addresses for filing objections with the Court and service on counsel are as follows:

*To the Court:*
>Clerk of the Court
>**United States District Court**
>for the District Court of Massachusetts
>John Joseph Moakley Courthouse
>One Courthouse Way
>Boston, MA 02210

*To Class Counsel:*
>Stephen D. Rosenberg, Esquire
>**The McCormack Firm LLC**
>One International Place, 7th Floor
>Boston, MA 02110

*To Defendants' Counsel:*
>Howard Shapiro, Esquire
>**Proskauer Rose LLP**
>650 Poydras Street, Suite 1800
>New Orleans, LA 70130
>
>Richard J. Rabin, Esquire
>**Akin Gump Strauss Hauer & Feld LLP**
>One Bryant Park
>New York, NY 10036

      The objector or his, her, or its counsel (if any) must have the objection postmarked no later than **June 3, 2013**, and must effect service of the objection on counsel listed above <u>and</u> file it with the Court so that it is received by counsel listed above and the Court no later than **June 7, 2013**. If an objector hires an attorney to object pursuant to this paragraph, the attorney's notice of appearance must be postmarked no later than **June 10, 2013**, and must be both served on counsel listed above and filed with the Court no later than **June 14, 2013**. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Class Counsel must respond to any objections no later than **June 21, 2013**.

9. <u>Appearance at Fairness Hearing</u>. Any objector who files and serves timely, a written objection may appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and on Defendants' Counsel (at the addresses set out above). The objector must mail the notice of intention to appear such that it is postmarked no later than **June 24, 2013**, and the notice of intention to appear must be served on counsel listed above such that it is received by counsel and filed with the Court no later than **June 27, 2013**. Any objector who does not timely file and serve a notice of intention to appear in accordance with this

paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

10. Service of Papers. If it appears that any objections were not properly served, the Parties shall furnish each other's counsel with copies of any and all such objections that come into their possession promptly after learning of the deficiency in service.

11. Fee Petition. Class Counsel shall file an application for a Fee Award and Expense Award no later than **July 2, 2013**.

12. Distribution Process. To effectuate the Settlement Agreement, the Claims Administrator shall be responsible for performing all calculations and processing distributions in accordance with the Plan of Allocation. The Claims Administrator shall preserve (on paper or transferred into electronic format) any and all other written communications from the Class Members for a period of five (5) years, or pursuant to further order of the Court. All written communications received by the Claims Administrator from Class Members relating to the Settlement Agreement shall be available at all reasonable times for inspection and copying by Class Counsel and/or Defendants' Counsel, until payments are mailed to each Class Member. In order to be entitled to participate in the Settlement Agreement if it is effected in accordance with all of the terms and conditions set forth in the Settlement Agreement, each Class Member shall take the actions and be subject to the requirements outlined in the Class Notice marked as Exhibit B to the Settlement Agreement.

13. Injunction. Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, all potential members of the Settlement

Class are enjoined from instituting or commencing any action against any of the Released Parties based on the Released Claims, and all proceedings in this Action, except those related to approval of the Settlement, are stayed.

14. <u>No Settlement Discovery</u>. No discovery by any person with regard to the Settlement or the Settlement Agreement shall be permitted as to any of the settling parties other than as may be directed by the Court upon proper showing by the person seeking such discovery pursuant to a motion properly noticed and served.

15. <u>Termination of Settlement</u>. In the event that the Settlement is terminated in accordance with the Settlement Agreement or does not receive final approval, the Parties may move the Court to vacate this Order without prejudice to the rights of the Parties.

16. <u>Use of Order</u>. This Order is entered with the recognition that the Released Parties specifically deny any liability or wrongdoing and believe they would prevail on the merits, and that the Plaintiffs specifically believe they would have a good chance of prevailing in the appeal and in the event of trial, but that they have settled in this matter in recognition of the inherent uncertainty of litigation. Neither the fact nor the terms of this Order may be construed or used as an admission, acknowledgment, concession, or declaration by or against the Released Parties of any fault, wrongdoing, breach, or liability or as a waiver by any Party or any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by the Released Parties to class certification in the event that the Settlement Agreement is terminated or not given final approval.

17. <u>Continuance of Hearing</u>.  The Court may in its discretion continue the Fairness Hearing without further written notice.

18. <u>Final Order</u>.  The Final Order will not be issued any sooner than 90 days after the officials required to be notified under CAFA have been served with CAFA notice.

IT IS SO ORDERED this  5th  day of _____March_____, 2013.

_____
Rya W. Zobel
UNITED STATES DISTRICT JUDGE