UNITED STATES DISTRICT COURT
District of Massachusetts

| | |
|---|---|
| RONALD S. BOYAJIAN, FRANK LEONE and DAVID L. THOMPSON, Individually and on behalf of All Others Similarly Situated, Plaintiffs, v. CALIFORNIA PRODUCTS CORPORATION, JOSEPH D. DEANGELIS, JOSEPH S. JUNKIN, DAVID G. LOHR, and DOES 1 through 20, Defendants. | CIVIL ACTION NO. 10-CV-11849-RWZ |

RWZ [PROPOSED] FINAL ORDER AND JUDGMENT

This Action[1] involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), with respect to the California Products Corporation Employee Stock Ownership Plan (the "Plan"). Specifically, Ronald S. Boyajian, Frank Leone, and David L. Thompson ("Named Plaintiffs"), on behalf of themselves and other Plan Participants, claimed that the Defendants breached their fiduciary duties and engaged in prohibited transactions in connection with the termination of the Plan and the repurchase of company stock from Plan Participants. Defendants deny the allegations in the Complaint and deny any liability, negligence, fault, or wrongdoing whatsoever.

This matter came before the Court for a hearing pursuant to the Preliminary Approval Order of this Court entered on March 5, 2013, on the application of the Parties for final approval of the Settlement set forth in the Class Action Settlement Agreement ("Settlement Agreement"),

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meaning ascribed to them in the Class Action Settlement Agreement. A copy of the Settlement Agreement is filed at Dkt. No. 65-1.

executed on or about November 30, 2012, and filed with the Court on or about November 30, 2012.

Before the Court are: 1) Plaintiffs' Motion for Final Approval of ERISA Class Action Settlement, For Settlement Class Certification, and For Approval of Plan of Allocation ("Final Approval Motion"); and 2) Class Counsel's Motion for Award of Attorneys' Fees and Expenses ("Fee and Expense Motion").

The Court has received declarations attesting to the mailing of the Class Notice in accordance with the Preliminary Order.

The Court has also received a declaration attesting to the mailing of the notices pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 29 U.S.C. § 1715, and this Order has not been granted sooner than 90 days after the officials required to be notified under CAFA have been served with CAFA notice.

Due and adequate notice has been given to the Settlement Class as required in the Order Granting Preliminary Approval of Class Action Settlement, and the Court has considered all papers filed and proceedings in this case, and is otherwise fully familiar with the facts and issues presented. IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this Action and over all Parties to the Action, including all members of the Settlement Class.

2. On April 4, 2013, 141 copies of the Class Notice were mailed via U.S. mail to Settlement Class Members.

3. The Class Notice fully informed Settlement Class Members of their rights with respect to the Settlement, including the right to object to the Settlement and/or to Class Counsel's application for an award of attorneys' fees and reimbursement of expenses, all from the Settlement Fund.

4.     The Class Notice met the statutory requirements of notice under the circumstances, including the individual notice to all members of the Settlement Class who could be identified through reasonable effort, and fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

5.     Defendants have complied fully with the notice provisions of the Class Action Fairness Act of 2005, 29 U.S.C. § 1715.

6.     This Action and all claims asserted in it, as well as all of the Released Claims, are dismissed with prejudice as to all of the Named Plaintiffs and all members of the Settlement Class, as against all of the Released Parties.  The Parties are to bear their own fees and costs, except as otherwise provided in the Settlement Agreement.

7.     The Court finds that the Settlement is fair, reasonable, and adequate as to each member of the Settlement Class, and that the Settlement is either:  (a) not a prohibited transaction under ERISA; or (b) is exempt from ERISA's prohibited transaction provisions pursuant to applicable law or rules.  The Settlement is finally approved in all respects.  The Parties are directed to implement the Settlement in accordance with the terms and conditions of the Settlement Agreement.

8.     In accordance with Section XIII.1. of the Settlement Agreement, Named Plaintiffs on behalf of themselves and on behalf of all Class Members fully, absolutely, and unconditionally release and forever discharge the Released Parties from any and all of the Released Claims that any of Named Plaintiffs or any Class Members ever had, now have or hereafter may have, whether indirectly, derivatively, or in any other capacity.

9.     Pursuant to Section XIII.2. of the Settlement Agreement, the Parties have agreed that, upon the Effective Date of Settlement, the Defendants shall absolutely and unconditionally

release and forever discharge Named Plaintiffs, the Settlement Class, and Class Counsel from any and all claims relating to the institution or prosecution of the Action.

10. The Plan of Allocation is approved as fair and reasonable. Class Counsel and the Claims Administrator are directed to allocate the Settlement Fund in accordance with the Settlement Agreement. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

11. Class Counsel is hereby awarded attorneys' fees in the amount of ~~one-third of the Settlement Amount~~ $583,275.00 [RWZ], which the Court finds to be fair and reasonable, and $ 4,595.65 in reimbursement of the Class Counsel's reasonable expenses incurred in prosecuting the Action. The attorneys' fees and expenses so awarded shall be paid from the Settlement Fund pursuant to the terms of the Settlement Agreement. All fees and expenses paid to Class Counsel shall be paid pursuant to the timing requirements described in the Settlement Agreement.

12. In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:

    a) The Settlement achieved as a result of the efforts of Class Counsel has created a fund of $1.925 million in cash that will be deposited in an [interest bearing] account 31 days after all deadlines elapse for appeal, if any, of the Court's Order granting final approval of the Settlement.

    b) Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

    c) The Action involves complex factual and legal issues prosecuted over one and a half years and, in the absence of a settlement, would involve

- 4 -

    further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

 d) Had Class Counsel not achieved the Settlement, there would remain a significant risk that Named Plaintiffs and the Settlement Class may have recovered less or nothing from Defendants;

 e) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases; and

 f) Named Plaintiffs rendered valuable services to the Settlement Class Members.

13. Neither the Settlement Agreement nor any of the terms of the Settlement Agreement shall be offered or received in any action or proceeding for any purposes, except: (a) to enforce the terms of the Settlement Agreement, the Preliminary Approval Order, or the Final Order; and (b) Defendants may file this Settlement Agreement and/or the Final Order in any action that may be brought against them or any of the Released Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, accord and satisfaction, judgment bar, reduction, or any other defense, counterclaim, or theory of claim preclusion or issue preclusion. Nothing in this Final Order is intended to thwart or undo the Parties' Settlement Agreement with respect to these issues.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) all Parties hereto for the purpose of construing, enforcing, and administering the Settlement.

15. The Court finds that during the course of this Action, Named Plaintiffs and Defendants and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. This Order and Judgment shall not be considered or used as an admission, concession, acknowledgment, or declaration by or against any of the Released Parties of any fault, wrongdoing, breach, or liability and this Court makes no such finding or determination. Neither the Settlement Agreement nor any of the proceedings in connection therewith shall be offered or received in evidence for any purpose, except that any of the Released Parties may submit this Final Order and Judgment to support a defense based on principles of *res judicata*, collateral estoppel, release, good faith settlement, accord and satisfaction, judgment bar, reduction, or any other defense, counterclaim, or theory of claim preclusion or issue preclusion., or may submit this Final Order and Judgment in any action to enforce the Settlement.

17. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void to the extent provided by, and in accordance with, the Settlement Agreement, and shall be vacated, and in such event, all orders entered and releases delivered shall be void to the extent provided by, and in accordance with, the Settlement Agreement.

18. Final Judgment shall be entered herein approving the Settlement of this Action.

So Ordered, this 9th day of July, 2013.

_____
Rya W. Zobel, UNITED STATES DISTRICT JUDGE